UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ELIZABETH HABER | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No.  12-30076-MAP |
| | ) | |
| | ) | |
| JOSEPH W. MASSEY and CSX | ) | |
| TRANSPORTATION, INC. | ) | |
| Defendants | | |

REPORT AND RECOMMENDATION WITH REGARD TO PLAINTIFF'S MOTION
FOR REMAND (Document No. 5)
July 27, 2012

NEIMAN, U.S.M.J.

    Elizabeth Haber ("Plaintiff") filed a personal injury lawsuit in state court against

Joseph W. Massey ("Massey") and CSX Transportation, Inc. ("CSX") (together,

"Defendants").  Subsequent to Massey's filing of a petition for bankruptcy, Defendants

removed the action to this court pursuant to, *inter alia*, 28 U.S.C. §§ 1334, 1452, which

permit the removal of claims related to bankruptcy cases.  In response, Plaintiff filed a

motion to remand, asserting a lack of subject matter jurisdiction and, alternatively,

seeking abstention, which motion Defendants have opposed.

    Plaintiff's motion to remand has been referred to this court for action.  The First

Circuit, however, has yet to resolve the question of whether a magistrate judge has the

authority to "hear and determine" motions to remand, 28 U.S.C. § 636(b)(1)(A), or may

only issue "proposed findings of fact and recommendations," 28 U.S.C. § 636(b)(1)(B). *See Unauthorized Practice of Law Comm. v. Gordon*, 979 F.2d 11, 12-13 (1st Cir. 1992). Absent definitive guidance, this court's practice has been to proceed via a report and recommendation. *See Valley Mgmt., Inc. v. Boston Rd. Mobile Home Park Tenants Ass'n., Inc.*, 736 F. Supp. 2d 344, 346-47 (D. Mass. 2010) (detailing the split in authority regarding whether motions to remand are dispositive or non-dispositive motions and concluding that "the most practical solution is to . . . offer the district court a recommendation on the remand motion pursuant to Rule 72(b) and section 636(b)(1)(B)."). For the reasons detailed below, the court will recommend allowing Plaintiff's motion to remand on grounds of abstention.

## I. Background

Plaintiff filed her complaint against Defendants in Berkshire County Superior Court on January 12, 2012. Plaintiff alleged that while she was crossing the street, Massey, an employee of CSX, hit her with his truck and caused her to suffer serious injuries, including the loss of her leg. (Complaint ¶¶ 4-5; Motion to Remand at 1.) On March 30, 2012, Massey filed a Chapter 7 Voluntary Petition for Bankruptcy with the United States Bankruptcy Court for the District of Massachusetts. (Motion to Remand at 2.) Massey's filing of the petition automatically stayed the state court proceedings. (Ex. E (Attached to Defendant's Opposition to Motion to Remand ("Defs. Opp.")).) Nonetheless, on April 12, 2012, Defendants removed the action to federal court, asserting, pursuant to 28 U.S.C. § 1334(b), that this court has jurisdiction to hear Plaintiff's claims because they are "related to" Massey's bankruptcy proceedings.

On June 5, 2012, Plaintiff informed the court via her counsel's affidavit that on May 1, 2012, the trustee of Massey's bankruptcy estate reported that "there is no property available for distribution from the estate over and above that exempted by law," that the estate had been "fully administered," and that the trustee requested that he "be discharged from any further duties as trustee." (Document No. 9); *In re Massey*, U.S. Bankr. Ct. (D. Mass.) (Dkt. Sheet, May 1, 2012 entry). Plaintiff further attested that on May 17, 2012 the bankruptcy court lifted the automatic stay that had been in place since Massey filed his bankruptcy petition. (Document No. 9.)

## II. DISCUSSION

The parties initially focused their arguments on whether Plaintiff's state law claims were sufficiently related to Massey's bankruptcy proceedings under 28 U.S.C. § 1334(b), given Defendants' removal on such grounds, as to provide this court with subject matter jurisdiction. However, in opposition to Plaintiff's motion to remand, Defendants asserted for the first time that diversity would also provide a basis for this court's jurisdiction and asked for permission to amend their notice of removal accordingly. If diversity jurisdiction indeed exists, there would be no need for the court to address the somewhat thornier questions associated with jurisdiction and abstention under section 1334. *See Veldekens v. GE HFS Holdings, Inc.*, 362 B.R. 762, 766 (S.D. Tex. 2007) (noting that because "[d]iversity jurisdiction is an independent basis for district court jurisdiction," such jurisdiction can be "established without the need to adjudicate difficult questions about bankruptcy jurisdiction and abstention."). Accordingly, the court has chosen to address the diversity question first. Since it will

3

conclude that, on the record before it, Defendants have not established diversity

jurisdiction, the court will then proceed to address the questions arising under section

1334.

A.  Diversity Jurisdiction

    1. Defendants' Request to Amend their Notice of Removal

    Section 1446(b) requires that a state court defendant wishing to remove a case

to federal court do so by filing a notice of removal "within 30 days after the receipt by

the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon

which such action or proceeding is based."  28 U.S.C. § 1446(b).  In some contrast,

section 1452, the bankruptcy removal statute, does not impose a thirty-day time limit on

removal; rather, courts have determined that a number of different deadlines govern

such removal as set forth in Rule 9027 of the Federal Rules of Bankruptcy Procedure.

*See New England Wood Pellet, LLC v . New England Pellet, LLC*, 419 B.R. 133, 146

(D. N.H. 2009); *Shared Network Users Group v. Worldcom Tech.*, 309 B.R. 446, 449

(E.D. Pa. 2004) ("[W]e disagree [with the plaintiff] that the 30 day deadline under §

1446(b) is applicable when removal is predicated on § 1452.").

    Here, Plaintiff has raised no objection to the timing of Defendants' removal

pursuant to section 1452.  Still, Defendants seek leave to amend their notice of removal

to add diversity as a basis for federal jurisdiction; in essence, Defendants assert that

CSX is a diverse defendant and that Massey, who is not diverse, is nonetheless a

dispensable party, thereby creating complete diversity.  By amending their notice of

removal, the court notes, Defendants could avoid a possible remand challenging the

original grounds of removal under section 1334, *i.e.*, that Plaintiff's state law claims are related to Massey's bankruptcy proceedings.

Defendants, it must be understood, do not dispute that, Plaintiff being a Massachusetts resident, Massey's continued presence in this lawsuit as a Massachusetts citizen would defeat complete diversity as required by section 1332.[1] Nevertheless, Defendants wish to amend their notice of removal on the basis of Plaintiff's representation, both here and in the bankruptcy court, that she will not seek to enforce any judgment against Massey. Based on this representation, Defendants argue, Massey should be dismissed from the action, thereby creating diversity jurisdiction and, in turn, grounds for amending their notice of removal. Such an amendment is permissible at this late date, Defendants appear to argue, because the basis for removal -- Massey's dispensability and the resulting diversity -- arguably did not exist until the expiration of the thirty-day period established by section 1446.

Courts generally allow a defendant to amend a notice of removal after the thirty day time limit for "technical defects in the jurisdictional allegations, but not to add a new basis for federal jurisdiction." *In re Pharm. Indus. Average Wholesale Price*, 509 F. Supp. 2d 82, 95 (D. Mass. 2007). The authorization for such "technical" amendments derives from 28 U.S.C. § 1653, which states that "[d]efective allegations of jurisdiction may be amended . . . in the trial or appellate courts." 28 U.S.C. § 1653. It is only

---

[1] For purposes of Defendants' request to amend their notice of removal only, the court will assume that they can demonstrate that CSX is in fact a diverse party. *See* discussion *infra* Part II.A.2.

relatively recently, however, that courts have grappled with the question of allowing an

amendment to a notice of removal where the new jurisdictional basis for removal could

not have been known to the defendants within the initial thirty-day time limit.  In *Davis v.*

*Life Inv. Ins. Co. of Am., Inc.*, 214 F. Supp. 2d 691, 694 (S.D. Miss. 2002), for example,

the district court allowed, ostensibly for the first time, a defendant to amend its notice of

removal to include a new jurisdictional basis  -- the filing of a bankruptcy petition --

because the "ground for removal/federal jurisdiction first arose while the case was

pending in federal court after expiration of the thirty-day time limit for removal."

Courts that have since considered the issue have tended to follow suit, although

instances where courts have actually allowed amendments remain rare, often because

the parties wishing to amend their notices of removal fail to comply with other

procedural requirements of section 1446(b).  *See Wilson v. Int'l Bus. Machs.* Corp.,

2011 WL 4572019, at *2 (S.D. Tex. Oct. 3, 2011) (noting that "courts have been willing

to permit amendments to a notice for removal when the new basis [for federal

jurisdiction] did not exist until *after* the relevant thirty day period" but allowing remand

because the defendant's second notice of removal was untimely) (emphasis in original);

In *re Pharm. Indus. Average Wholesale Price*, 509 F. Supp. 2d at 95 (permitting a

defendant to assert a supplemental notice of removal when "[t]he new basis for removal

arguably did not exist until after the initial thirty-day period" but ultimately finding the

supplemental notice untimely); *Hawaii v. Abbott Labs., Inc.*, 469 F. Supp. 2d 835, 838

(D. Haw. 2006) (noting that "where a new ground for removal arises during the

pendency of the litigation, some courts have allowed the notice of removal to be

supplemented to set forth the newly-arisen ground even after the expiration of the thirty-day time period," but denying leave to supplement the notice of removal because the defendant failed to comply with other procedural requirements of section 1446(b)). Here, for the reasons set forth below, the court finds that Defendants are not entitled to amend their notice of removal.

It is true, as Defendants suggest, that Plaintiff did not set forth her position vis-à-vis Massey, *i.e.*, that she would not seek to enforce any judgment against him, until after the expiration of Defendants' thirty day time limit for removal. However, in the court's view, not every item of new information related to jurisdiction will warrant leave to amend a notice of removal. Here, in particular, Plaintiff's statement is too tangential and attenuated to engender a new basis for jurisdiction. As discussed in greater detail below, Plaintiff, when seeking to lift the stay in Massey's bankruptcy proceedings, merely indicated that she would likely not recover from Massey given the availability and adequacy of CSX's insurance policy and assets. At no time did Plaintiff actually dismiss Massey from this action and, thereby, create diversity.

In any event, for Defendants to establish diversity jurisdiction, they must first demonstrate that, given Plaintiff's representation, Massey has in fact been rendered dispensable and, second, they must convince the court that he should be dismissed from the action despite Plaintiff's evident resistance. In the court's opinion, however, the inherently vague nature of these contingencies fall far short of a "new basis" for jurisdiction, making an amendment to Defendants' notice of removal inappropriate. In short, the "facts" upon which Defendants claim diversity have none of the clarity

attendant to those instances in which amendments to notices of removal have been granted.

The decisions in *Davis* and *In re Pharm. Indus. Average Wholesale Price* are instructive. In *Davis*, the defendants had originally removed based on diversity. However, following the expiration of the thirty-day time limit imposed by section 1446, one of the defendants filed for bankruptcy. The defendants thereupon sought to amend their notice of removal to include a new basis for federal jurisdiction, namely, that the state court claims were "related to" the bankruptcy proceedings in accord with section 1334. *Davis*, 214 F. Supp. 2d at 692. The court allowed the motion to amend, finding significant the fact that "if the case were remanded on the sole ground asserted in the removal petition, [the defendants] would then be allowed [under Fifth Circuit precedent] to remove the case a second time on this new basis." *Id.* at 694. In contrast here, were the court to remand the instant matter, as requested by Plaintiff, Massey's continued presence would still bar complete diversity, thwarting Defendants' ability to remove the matter a second time.

Similarly, in *In re Pharm. Indus. Average Wholesale Price*, the court agreed that the proposed amendment to the notice of removal was appropriate because "the substantive basis for removal did not exist until after the thirty days had expired." *In re Pharm. Indus. Average Wholesale Price*, 509 F. Supp. 2d at 95. The defendants there sought the amendment based on a federal question claim, relevant to their case, first recognized by the Supreme Court following the expiration of the thirty-day time limit.

Here, unlike the bankruptcy petition in *Davis* or the new federal cause of action

recognized by the Supreme Court after the original removal in *In re Pharm. Indus. Average Wholesale Price*, Plaintiff's representation regarding her present intent not to seek enforcement of any judgment against Massey does not *establish* jurisdiction. The representation is nowhere near as definitive as a bankruptcy filing, which can trigger removal under section 1452, or the recognition of a new federal claim by the Supreme Court, which can trigger removal as a federal cause of action under section 1446. In sum, the series of inferences which Defendants urge this court to draw as a basis for diversity jurisdiction simply do not provide a "substantive basis for removal." *In re Pharm. Indus. Average Wholesale Price*, 509 F. Supp. 2d at 95. Accordingly, the court will recommend that Defendants' request to amend their notice of removal be denied.

   2. Defendants Cannot Establish Diversity Jurisdiction

   Even if Defendants were procedurally permitted to amend their notice of removal, the court concludes that they cannot establish diversity jurisdiction, as is their burden. *See Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009) ("The party invoking federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case."); *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir.1999) ("[Removing] defendants have the burden of showing the federal court's jurisdiction."). "It is a basic premise of our constitutional system that federal courts possess only limited jurisdiction." *Novack v. GSI Commerce, Inc.*, 2011 WL 4745049, at *2 (D. Mass. Oct. 6, 2011). "The federal courts have jurisdiction over controversies arising between 'citizens of different states,' provided that the amount in controversy exceeds $75,000." *Garcia Perez v. Santaella*, 364 F.3d 348, 350 (1st

Cir.2004); *see also* 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires complete diversity between all plaintiffs and defendants. *See Casas Office Machs. v. Mita Copystar Am., Inc.*, 42 F.3d 668, 673 (1st Cir. 1994*).*

Attempting to meet the challenge, Defendants assert, contrary to the assertions in Plaintiff's complaint, that CSX was not incorporated in Massachusetts and does not maintain a principal place of business here. Rather, Defendants contend, CSX is at best a citizen of Virginia and/or Florida; Defendants, however, refer to no exhibit and provide no evidence to substantiate this assertion. Thus, if need be, the court could simply reject Defendants' diversity argument because of their failure to carry their burden. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936) (party seeking federal court jurisdiction has the burden of persuading the court that the requirements of section 1332 have been met).

Yet even were Defendants to provide the necessary documentation to establish that CSX is diverse from Plaintiff, they would be unable to establish diversity jurisdiction over this case given Massey's citizenship. As indicated, Defendants do not dispute that Massey is a Massachusetts citizen, as is Plaintiff, or that his continued presence in the lawsuit would destroy complete diversity. Nonetheless, Defendants maintain that Massey should be dismissed from this action because he is a dispensable party, thereby creating diversity jurisdiction. The court disagrees.

First, the court has serious doubts that Massey can as easily be labeled a dispensable party as Defendants suggest. After all, Plaintiff's state law complaint includes an independent claim against Massey, which alleges that he was acting

"individually *and/or* within the scope of his employment with the defendant, CSX

Transportation, Inc."  (Complaint ¶ 5) (emphasis added).)  Defendants make no

reference to this claim.  Rather, as described, they argue, unpersuasively, that

Plaintiff's representation that she would not seek to recover personally from Massey

indicates that "no real relief is sought" from him and that, accordingly, he is dispensable

from the action.

       Plaintiff's representation is nowhere near as broad as Defendants suggest.

Granted, Plaintiff -- in the context of her section 1334 argument that her state law

claims did not sufficiently relate to Massey's bankruptcy -- had asserted that she would

"proceed to litigate her claim for negligence . . . in an amount not to exceed [CSX's]

policy limits, or, alternatively, against the assets of CSX."  (Ex. G (Attached to Defs.

Opp.) ¶ 6.)  Plaintiff did so, however, only "upon information and belief the insurance

coverage . . . should be applicable to the judgment the plaintiff may obtain in this case"

and because she was "not aware of any reason or argument advanced that the

insurance coverage will not be so available."  (Affidavit of Plaintiff's Counsel Attached

to Motion to Remand.)  As was made clear at oral argument, however, Plaintiff reserved

the right to pursue Massey's personal insurance policies as well as any assets should

CSX's insurance and assets prove unavailable or inadequate.  (*See* Ex. G (Attached to

Defs. Opp.) ¶ 6) (Plaintiff's statement that "[t]o the extent that any verdict of judgment

against Massey in the civil action exceeds the available insurance coverage," she

would seek recovery "from any personal insurance coverage on Massey's household

vehicle.").  Thus, Plaintiff's representation was made as part of a narrow argument

intended to defeat Defendants' removal of the action to federal court. Plaintiff never

conceded that Massey was dispensable as a party. *See Casas Office Machs,, Inc.*, 42

F.3d 668 at 675 ("Courts may not, of course, dismiss *indispensable* parties from an

action in order to preserve federal jurisdiction.") (emphasis in original). To the contrary,

Plaintiff argued that Massey's personal liability could be at issue.

Second, even assuming that Massey was somehow deemed dispensable, that

would not end the court's inquiry. Although it is "well settled that Rule 21 [of the federal

rules of civil procedure] invests district courts with authority to allow a dispensable

nondiverse party to be dropped at any time, even after judgment has been rendered,"

*Newman-Green v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989), the authority to dismiss a

nondiverse party "should be exercised sparingly" and a court "should carefully consider

whether the dismissal of a nondiverse party will prejudice any of the parties in the

litigation." *Id.* at 837-38. In essence, as the Supreme Court has cautioned, when

making a determination regarding dismissal of a nondiverse party, courts should

consider the "practicalities" of a given case. *Id.* at 837.

Here, the practicalities weigh heavily against dismissal. As described, Plaintiff

recognizes that CSX's insurance policies may be insufficient or unavailable to satisfy a

judgment and that she may need to seek to recover from Plaintiff's personal insurance

policies. Such recovery, of course, would require Plaintiff to pursue her individual claim

against Massey so as to establish his liability. *See Falken Indus., Ltd. v. Johansen*,

360 F. Supp. 2d 208, 211 (D. Mass. 2005) ("If a plaintiff prefers to retain a nondiverse

defendant, the court will not interfere with that decision. However, the court must then

dismiss the case for lack of federal jurisdiction.") (quoting *Allendale Mut. Ins. Co. v.*
*Excess Ins. Co. Ltd.*, 62 F. Supp. 2d 1116, 1123 (S.D.N.Y.1999)).  Accordingly, the
court recommends against dismissal of Massey as a dispensable party so as to create
diversity.

B. "Related to" Jurisdiction

Diversity aside, Defendants assert that subject matter jurisdiction over Plaintiff's
state law claims should be exercised here because those claims are sufficiently
"related to" Massey's bankruptcy proceedings.  *See* 28 U.S.C. §§ 1334(b), 1452 (1994).
This was the original basis of Defendants' original removal of this action to this court.
"[T]he test for determining whether a civil proceeding is related to bankruptcy is
whether the outcome of that proceeding could conceivably have any effect on the
estate being administered in bankruptcy."  *In re G.S.F. Corp.*, 938 F.2d 1467, 1475 (1st
Cir. 1991); *see also Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984) ("An
action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities,
options, or freedom of action . . . and which in any impacts upon the handling and
administration of the bankrupt estate.").  And, although there is a "strong presumption"
against removal jurisdiction generally, *see Natale v. Pfizer*, 379 F. Supp. 2d 161, 172
(D. Mass. 2005), the First Circuit has indicated that Congress's "statutory grant of
'related to' jurisdiction is quite broad."  *Boston Reg'l Med. Ctr., Inc. v. Reynolds*, 410
F.3d 100, 105 (1st Cir. 2005).

Despite this broad grant of jurisdiction, Plaintiff, trying to defeat Defendants'
removal, argues that her state court action is not "related to" Massey's bankruptcy

because the litigation will not have any effect on the estate being administered in bankruptcy. Relying on affidavits attesting to the extensive insurance coverage provided by CSX and protecting Massey, Plaintiff avers that the instant action will have no effect on Massey's bankruptcy estate being administered in bankruptcy because any award of damages based on Massey's individual liability will likely be borne by CSX's insurer. Plaintiff also reiterates her position, described earlier, that she is not pursuing relief from Massey's individual assets or estate but, rather, only from various insurance policies and CSX's assets.

Plaintiff's arguments notwithstanding, the court concludes that "related to" jurisdiction over Plaintiff's state law claims is present here. First, courts have explicitly found that tort actions are related to a debtor's bankruptcy proceeding because "any disposition of [issues in a tort action] will be related to a determination of [the debtor's] liability and would also bear upon any resultant contribution owed by [the debtor]." *In re Nutraquest, Inc.*, 2004 U.S. Dist. LEXIS 29143, at *40-41, (D.N.J. Mar. 8, 2004); *see also Sherman v. Gulf Pride Marine Servs., Inc.*, 191 B.R. 328, 329 (E.D. La. Jan. 22, 1996) (finding a state court lawsuit for personal injuries related to defendant's bankruptcy proceedings).

Second, despite Plaintiff's representation that she may seek to recover against Massey only via insurance policies and CSX's assets, the test for "relation to" requires only that the lawsuit have a "conceivable effect" on the bankrupt estate. *See In re G.S.F.*, 938 F.2d at 1475. "Certainty, or even the likelihood, of such an effect on the bankruptcy estate is not required." *Bankruptcy Trading & Invs., LLC v. Chiron Fin. Gr.,*

*Inc.*, 342 B.R. 474, 477, 2006 U.S. Dist. LEXIS 37160, at *8 (S.D. Tex. 2006). That threshold has been met; it is conceivable that either Massey's insurer or CSX's insurer will raise defenses to coverage and, even if Massey's estate successfully establishes coverage, his estate would be diminished by the legal fees expended in pursuing the litigation. *See Sherman*, 191 B.R. at 329. Moreover, as Plaintiff has acknowledged, if CSX's insurance policy is somehow unavailable or inadequate, she will seek recovery "from any personal insurance coverage on Massey's household vehicle." (Ex. G (Attached to Defs. Opp.) ¶ 6.) Indeed, as indicated, Plaintiff is unwilling to withdraw her claim against Massey insofar as he may be personally liable to her; any personal insurance policies he may carry are assets of his estate and "any amount paid thereunder would decrease [Massey's] available coverage," thereby diminishing the value of his estate. *See Sherman*, 191 B.R. at 329. Accordingly, the court believes, Defendants have established "related to" jurisdiction at the time of removal.

Persevering, Plaintiff argues that even if "related to" jurisdiction existed at the time of Defendants' removal, subsequent events have since divested the court of jurisdiction. In particular, Plaintiff points to an entry on the bankruptcy court's docket in Massey's bankruptcy proceedings which indicates that the trustee of Massey's estate reported that "there is no property available for distribution from the estate over and above that exempted by law" and that the estate had been "fully administered," and that the trustee requested that he "be discharged from any further duties as trustee." *In re Massey*, U.S. Bankr. Ct. (D. Mass.) (Dkt. Sheet, 5/1/2012 entry).

Plaintiff's argument is creative but, in the court's view, unavailing. The court's

analysis of jurisdiction pursuant to section 1334 must be undertaken based on facts as they existed at the time of Defendants' removal, not on the ensuing facts upon which Plaintiff now relies. *See In re Celotex Corp.*, 124 F.3d 619, 626 (4th Cir. 1997) (citing *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)) ("[I]f 'related to' jurisdiction actually existed at the time of [Defendants'] removal," subsequent events "cannot divest the court of that subject matter jurisdiction."); *see also Specialty Mills, Inc v. Citizens State Bank*, 51 F.3d 770, 774 (8th Cir. 1995) (holding that for subject matter jurisdiction to exist in a "related to" action, "it must be determined whether, at the time [the defendant] removed appellants' action to the bankruptcy court, the outcome of the case could have affected the administration of [the] bankruptcy estate."); *Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc.*, 337 B.R. 22, 25 (S.D.N.Y. 2005) (noting that "federal jurisdiction arising under *Section 1334* is determined . . . on the basis of the facts at the time of removal" and that "[e]ven the dismissal of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over an adversary proceeding which was related to the bankruptcy case at the time of its commencement.") (italics in original) (internal citation omitted). It is therefore of no consequence to the issue of jurisdiction that on May 1, 2012, subsequent to Defendants' removal of this action, Plaintiff's bankruptcy estate was reported as "fully administered*."* Accordingly, the court believes that, without more, Plaintiff's motion to remand should be denied to the extent Plaintiff asserts that this court lacks jurisdiction over her state law claims pursuant to section 1334.

C. Abstention

Despite the recommendations above, the fact that this court has jurisdiction to hear a claim does not mean that it is required to exercise such jurisdiction. The court may still abstain pursuant to 28 U.S.C. § 1334(c), which provides for two types of abstention: mandatory and discretionary. Plaintiff seeks abstention on both grounds.

Mandatory abstention typically applies to any "non-core" proceeding based solely on a state law claim or state law cause of action, where such claim can be timely adjudicated in state court. *See* 28 U.S.C. § 1334(c)(2). Core proceedings are those proceedings enumerated in 28 U.S.C. § 157(b)(2), as well as any that arise under Title 11 or arise in a Title 11 case.[2] *See United States (IRS) v. Paolo (In re Paolo)*, 619 F.3d

_____

[2] 28 U.S.C. § 157(b)(2) provides that "core proceedings include, but are not limited to" the following:

> (A) matters concerning the administration of the estate;
>
> (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
>
> (C) counterclaims by the estate against persons filing claims against the estate;
>
> (D) orders in respect to obtaining credit;
>
> (E) orders to turn over property of the estate;
>
> (F) proceedings to determine, avoid, or recover preferences;
>
> (G) motions to terminate, annul, or modify the automatic stay;
>
> (H) proceedings to determine, avoid, or recover fraudulent conveyances;

100, 102 n.2 (1st Cir. 2010). Conversely, those proceedings "merely related to the bankruptcy are 'non-core.'" *Id.* Here, there is no dispute that Plaintiff's personal injury lawsuit is a "non-core" proceeding. *See In re Nutraquest*, 2004 U.S. Dist. LEXIS 29143 at *43.

However, Plaintiff's argument notwithstanding, pursuant to 28 U.S.C. § 157(b)(4) the mandatory abstention provision does not apply to personal injury claims. As explained in *Massey Energy Co. v. W. Va. Consumers for Justice*, 351 B.R. 348, 351 (E.D. Va. Sept. 26, 2006),

> [u]nder 28 U.S.C. § 157(b)(4), Congress included a statutory exception to the mandatory abstention provisions of § 1334(c)(2). The statute provides: "non-core proceedings under section 157(b)(2)(B) . . . shall not be subject to the

> (I) determinations as to the dischargeability of particular debts;
>
> (J) objections to discharges;
>
> (K) determinations of the validity, extent, or priority of liens;
>
> (L) confirmations of plans;
>
> (M) orders approving the use or lease of property, including the use of cash collateral;
>
> (N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;
>
> (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and
>
> ¶ recognition of foreign proceedings and other matters under chapter 15 of title 11.

> mandatory abstention provisions of section 1334(c)(2)." 28
> U.S.C. § 157(b)(4). A "personal injury tort" claim is described
> as a non-core proceeding under § 157(b)(2), and thus,
> mandatory abstention is not available for personal injury tort
> claims.

*See also Wise v. Cypress Manor Care Ctr., Inc.*, 2006 U.S. Dist. LEXIS 2946, at \*5

(W.D. La. Jan. 19, 2006) ("[P]ersonal injury torts and wrongful death claims are not

subject to the mandatory abstention provisions of section 1334(c)(2).").

Section 157(b), however, does not preclude a district court from invoking

permissive abstention under section 1334(c)(1). *See Wise*, 2006 U.S. Dist. LEXIS at

\*6. Subject to an exception not applicable here, section 1334(c)(1) provides that

"nothing in this section prevents a district court in the interest of justice, or in the

interest of comity with State courts or respect for State law, from abstaining from

hearing a particular proceeding arising under title 11 or arising in or related to a case

under title 11." 28 U.S.C. § 1334(c)(1). For the reasons which follow, the court

believes that such abstention is appropriate here.

The First Circuit has never enumerated precise factors that a court must

consider when determining whether the interest of justice, comity, or respect for state

law favors abstention. Nonetheless, it has expressly mentioned the following factors

that other courts have considered:

> (1) the extent to which state law issues predominate over bankruptcy issues,
>
> (2) the presence of a related proceeding commenced in state court or other
> nonbankruptcy court, and
>
> (3) the likelihood that the commencement of the proceeding in bankruptcy court
> involves forum shopping by one of the parties.

*In re Middlesex Power Equip. & Marine, Inc.*, 292 F.3d 61, 69 (1st Cir. 2002). The parties too have each identified various additional factors that courts have considered in deciding whether to abstain. As one court has observed, however, the question of abstention boils down to whether, on balance, "justice is better served by the bankruptcy court or another court deciding the matter in question. . . . At the heart of the matter is what is in the best interest of the estate." *In re Gilliam*, 2009 U.S. Dist. LEXIS 102194, at *11 (D.S.C. Sept. 25, 2009).

The court finds that, on balance, abstention is warranted here. There is no evidence of forum shopping and issues of state law clearly predominate; Plaintiff has not raised any bankruptcy-related issues, and the state has a recognized interest in resolving cases under its own statutes. Moreover, the trial of Plaintiff's case "in a court unconnected with any of the bankruptcy proceedings" will not in any way enhance the bankruptcy court's ability to manage the "universe of matters connected with bankruptcy estates." *Cambridge Place Inv. Mgmt., Inc. v. Morgan Stanley & Co., Inc.*, 2010 WL 6580503, at *8 (D. Mass. Dec. 28, 2010), adopted by 813 F. Supp. 2d 242, 246 (D. Mass. 2011). These are sufficient reasons to abstain. The court also notes that, at the hearing on the motion to remand, Defendants acknowledged that their strongest argument against abstention was the existence of diversity jurisdiction. As the court believes that Defendants have failed to establish diversity jurisdiction, the court suggests, in light of the foregoing, that abstention is appropriate.

## IV. CONCLUSION

For the reasons stated, the court recommends that Plaintiff's motion to remand

be ALLOWED on abstention grounds.[3]

DATED: July 27, 2012

                             /s/  Kenneth P. Neiman
                             KENNETH P. NEIMAN
                             U.S. Magistrate Judge

---

[3] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.